

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-1995

# Serrant v VI Employ Sec Agency

Precedential or Non-Precedential:

Docket 94-7639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Serrant v VI Employ Sec Agency" (1995). *1995 Decisions.* Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 94-7639
_____

CHERYL SERRANT,
                    Appellant

v.

VIRGIN ISLANDS EMPLOYMENT SECURITY AGENCY,
     Unemployment Insurance Service,
                    Appellee

_____

Appeal from the District Court
of the Virgin Islands
Division of St. Thomas and St. John
D.C. Civil Action No. 91-cv-00068

_____

Argued: April 20, 1995

Before: BECKER, NYGAARD and ROTH, Circuit Judges.

(Filed June 13, 1995)

RICHARD AUSTIN, ESQUIRE (ARGUED)
Legal Services of the Virgin Islands, Inc.
3017 Orange Grove
Christiansted, St. Croix
U.S. Virgin Islands  00820-4375

Attorney for Appellant

ALVA A. SWAN, ACTING ATTORNEY GENERAL
PAUL L. GIMENEZ, SOLICITOR GENERAL
ELLIOTT M. DAVIS (ARGUED)
   ASSISTANT ATTORNEY GENERAL

Virgin Islands Department of Justice
48B-50 Kronprindsens Gade
St. Thomas, Virgin Islands   00802

Attorneys for Appellee

---

OPINION OF THE COURT

---

BECKER, Circuit Judge.

This is an appeal from a final order of a United States Magistrate, 28 U.S.C. § 636(c)(1). That order affirmed a decision of a hearing examiner for the appellee Virgin Islands Employment Security Agency, Unemployment Insurance Service (within the Virgin Islands Department of Labor) ("Agency"), which in turn had reversed an initial determination awarding unemployment benefits to appellant Cheryl Serrant. The hearing examiner also authorized the Agency to recoup previously paid benefits from Serrant. It is the latter decision, also affirmed by the Magistrate Judge, that is challenged on this appeal. For the reasons that follow, we reverse.

I

On April 24, 1990, Serrant was employed at Point Pleasant Beach Resort as a reservations clerk. According to the hotel management, Serrant was discharged because she refused to prepare an "advance occupancy report." According to the hearing examiner, acting on the appeal of the hotel from the initial award of benefits, Serrant's actions leading to her dismissal constituted misconduct within the meaning of 21 V.I.C. § 304(b)(3), thereby resulting in her disqualification for

unemployment insurance benefits under that section.[1]  While Serrant maintains that her actions did not constitute wilful misconduct within the meaning of the statute, a position that may have merit, the facet of the hearing examiner's decision dealing with denial of benefits is not challenged on this appeal. Rather, we consider only the portion of the hearing examiner's decision dealing with recoupment.

The recoupment holding was predicated on 24 V.I.C. § 305(j)(2), which provides:

> If the Commissioner of Labor finds, within the two-year period following payment to any individual of any amount as benefits under this chapter, that such individual is not entitled, by reason other than that specified in subsection (h)(2) or subsection (j)(1) above, to such amount, he shall repay such amount to the Commissioner of Labor for the Unemployment Fund or in the absence of such repayment such amount shall be deducted from any future benefits payable to him under this chapter, within the two-year period following the date of notice of the final determination or decision; Provided, That no repayment or deduction from benefits shall be required under this paragraph if <u>the amount overpaid was received by the individual without fault on his part, and such recoupment would be against equity and good conscience</u>.

(emphasis added).

---

[1].  24 V.I.C. § 304(b)(3) provides in pertinent part:

> (b)  An insured worker shall not be disqualified for writing week credits or benefits for any week of his unemployment unless with respect to such week the Director finds that:
>
> (3) he was discharged for misconduct connected with his most recent work . . . .

The hearing examiner's rationale for authorizing recoupment is contained in the following paragraph of his opinion:

> It is clear that recoupment or denial of future benefits is warranted in the instant case. This Claimant was awarded benefits where she was at fault. She was terminated because of her own misconduct. Section 305(j)(2) allows the Agency to elect to recover the benefits paid to a claimant or to deny future benefits. This case provides an instance where that election must be made. The Commissioner must determine which is appropriate. The Act offers no guidance on this point. It allows the Commissioner to do either as a matter of discretion.

The case then came on Writ of Review, 5 V.I.C. § 1421 and 5 V.I.C. app. V Rule 11(a), before the Magistrate Judge. His resolution of the issue was equally terse. After quoting § 305(j)(2) he stated:

> The hearing examiner's rationale was that it was because of Petitioner's misconduct, which is an intentional act, that she was dismissed and that, therefore, since it was ultimately determined that the benefits were received through Petitioner's fault, she must repay the Agency.
>
> In reviewing, this determination by the hearing examiner, this court finds that the decision is supported by a rational basis, and, therefore, cannot be disturbed.

The Magistrate Judge therefore affirmed the hearing examiner's decision. Because our own holding turns on questions of the interpretation and application of law, our review of the Magistrate Judge's conclusion is plenary.

II

The key terms in § 305(j)(2) (for purposes of this appeal) are "without fault," and "equity and good conscience." Unfortunately, neither the hearing examiner nor the Magistrate Judge devoted much attention to the meaning of these terms, or to the record as it might bear on them. That may well be due to the fact that the parties directed the attention of these administrative and judicial officers primarily to the misconduct issue, and there was little, if anything, placed in the record relative to fault and "equity and good conscience."

A

Turning first to the meaning of the phrase "without fault," the threshold question is the extent to which it is informed by the terms of § 305(j)(1). That section provides:

> (j)(1) Any person who makes, or causes to be made by another, a false statement or representation of a material fact, knowing it to be false or knowingly fails, or causes another to fail, to disclose a material fact, and as a result thereof has received any amount as benefits under this chapter to which he was not entitled shall, in the discretion of the Commissioner of Labor, be liable to repay such amount to the Commissioner of Labor for the Unemployment Fund or to have such amount deducted from any future benefits payable to him under this chapter within the two-year period following the date of notice of the final determination, redetermination or decision.

Serrant argues that the fault necessary to subject one to recoupment is that specified in § 305(j)(1), that is, making misrepresentations to receive benefits. This approach makes eminent sense. It is also consistent with the most similar provision we have found, a Wyoming regulation set forth in the

margin,[2] which also defines fault principally in terms of considerations that bear on fault in making the application for benefits.

If § 305(j)(1) were controlling, Serrant's position would be strong because there is no administrative or judicial finding that she made any kind of misrepresentation to obtain benefits. However, § 305(j)(2) by its terms appears not to apply where the person received benefits to which he or she was not entitled by reasons specified in (j)(1). Section 305(j)(2) therefore seems to contemplate a situation where a claimant receives benefits through his or her own fault but not by means

---

[2]. **Fault Criteria**. In determining whether a claimant is without fault for purposes of deciding whether to waive recovery of overpaid benefits under [Wyo. Stat.] § 27-3-409, the Division shall consider the following criteria:

    (a) Whether the claimant made an incorrect statement of facts of a material nature in order to collect benefits; or

    (b) Whether the claimant knew or should have known that the statement he gave the Division was incorrect; or

    (c) Whether the claimant failed to disclose or caused another person to fail to disclose a material fact in connection with a claim for benefits; or

    (d) Whether the claimant knew or should have known the fact not disclosed was material; or

    (e) Whether the claimant knew or should have known he was not entitled to benefits; or

    (f) Whether the overpayment resulted directly or indirectly, in whole or part, from some other erroneous act or omission of the claimant, which he knew or should have known was wrong; or

    (g) Any other relevant factor.

Div. of Unemployment Ins., Dep't of Employment, Rules and Regulations, ch. XXXII, § 1 (1990).

of what are essentially misrepresentations as described in (j)(1).

But this conclusion is quite problematic, for it is difficult to identify such a scenario. Indeed, if the (lamented) construction is correct, hearing examiners would, as Serrant contends, and as the hearing examiner and Magistrate Judge did here, be likely to conflate the facts to be considered in connection with the unemployment benefit application process under § 305(j) (i.e., the putative misconduct) with the work–related conduct relevant to the determination of disqualification for benefits under 24 V.I.C. § 304(b)(3). This seems dubious inasmuch as these are discrete statutory provisions and appear to serve different purposes. For example, if there is no misconduct, there is no overpayment. However, if there is misconduct, and that automatically was deemed fault in receipt of benefits, a recipient who was denied benefits for misconduct would, in view of the conjunctive wording of the recoupment provision,[3] always be subject to recoupment regardless of the background circumstances and the dictates of equity and good conscience. We doubt that the legislature intended such an untoward result.

---

[3]. The language reads (with emphasis supplied):

> . . . provided, that no repayment or deduction from benefits shall be required under this paragraph if the amount overpaid was received by the individual without fault on his part, and such recoupment would be against equity and good conscience.

But then what does § 305(j)(2) mean? What additional or different conduct (other than misrepresentation to obtain benefits) transforms being <u>disqualified</u> for benefits due to work-related misconduct into <u>receiving</u> overpayment through fault of one's own? That is far from clear. Moreover, § 305(j)(2) exempts from recoupment not individuals who <u>applied</u> for benefits through no fault of their own, but those who <u>received</u> them without fault. This distinction seems opaque, and leads us to doubt that these provisions really fit together.[4] Taking the statute at its most literal meaning, however, Serrant was not at fault in receiving the benefits. She received them as the result of an order of the (appellee) Agency, and there is no finding that, at the time she received them, she had done anything blameworthy in connection with their <u>receipt</u>. Even the <u>work-related</u> misconduct finding came months later, at the time of the hearing examiner's decision. In short, Serrant's failing to complete the occupancy report for the hotel does not render her later <u>receipt</u> of benefits due to Agency order to be through fault of her own.

B

The meaning of "equity and good conscience" probably favors Serrant's position even more strongly. The terms are not defined in any Virgin Islands Regulation, but similar provisions in other jurisdictions make clear that equity and good conscience

---

[4]. We leave clarification to the Virgin Islands legislature, which might be well advised to look at the problems we have identified.

relate to the ability of the recipient to repay the debt without experiencing hardship.  See 20 C.F.R. § 10-323:

> (a)   Recovery of an overpayment is considered to be "against equity and good conscience" when an individual presently or formerly entitled to benefits would experience severe financial hardship in attempting to repay the debt . . . .

See also International Union, UAW v. Dole, 919 F.2d 753, (D.C. Cir. 1990) (financial hardship is key factor in interpretation and consideration of "equity and good conscience" as used in 20 C.F.R. § 617.55(a)(2)(ii)(A), concerning recoupment of Trade Adjustment Assistance benefits); Giles v. Director of Labor, 621 S.W.2d 10, 11 (Ark. App. 1981) (Corbin, J., concurring) ("[O]ne factor in determining equity and good conscience is the financial condition of the claimant."); Gilles v. Department of Human Resources Development, 521 P.2d 110, 117 (Cal. 1974) (considering "whether recovery of the overpayment, by imposing extraordinary hardship on the claimant, would tend to defeat the objectives of the Unemployment Insurance Code."); Section 2 of the Wyoming Regulations cited above.[5]  We believe that the Virgin Islands

---

[5].  Section 2.  **Equity and Good Conscience and Defeats the Purpose of the Act Criteria**.  In determining whether recovery of an overpayment defeats the purpose of the Employment Security Law or is against equity and good conscience for the purpose of deciding whether the overpayment of benefits shall be waived, the Division shall consider the following criteria:
> (a)   The extent to which recovery of the overpayment would create an extreme financial hardship on the claimant. Extreme financial hardship as used herein means the claimant would be unable to provide himself or his immediate family with minimal necessities of food, clothing, medicine, and shelter as a result of the Division recovering the overpayment.  Extreme and lasting financial hardship may be expected to endure for more than 120 days.

statute carries with it a similar meaning.  There is no indication in the record, that Serrant, who has been granted leave to proceed in this case in forma pauperis, has an ability to repay the sums she has received.  There is not only no fact finding contra but nothing in the record from which any such finding could be inferred.  And while we acknowledge that there may be "other relevant factors," see supra note 4, none have been suggested as being applicable here.

### III

In view of the foregoing, it appears from the record that, had the hearing examiner and Magistrate Judge focused on the pertinent issue, they would have determined that any overpayment received by Serrant was received without fault on her part, and further, that any recoupment would have to be deemed against equity and good conscience.  Repayment of benefits is therefore not required.  The fact that Serrant was found to have been guilty of wilful misconduct in terms of the benefit entitlement ruling does not affect this result.[6]

(..continued)
     (b)  The extent to which an agent of the Division made an error which contributed to causing the overpayment of benefits.  However, such an error shall not include making a decision to pay benefits which was reversed through the appeals process.
     (c)  Any other relevant factor, provided the claimant is without fault.

[6]. In light of our disposition, we do not address Serrant's contention that the doctrine of equitable estoppel would prohibit the Agency from recouping the overpayment of benefits due to the Agency's seven-month delay in issuing a final decision reversing her award of benefits.

The order of the district court, therefore, will be reversed, and the case remanded with the directions to vacate the order for recoupment.