IN THE SUPERIOR COURT



**FILED**
January 28, 2021
SX-2008-CV-00163
**TAMARA CHARLES
CLERK OF THE COURT**

ꓨCATION

## SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| MICHAEL FELIX, | **Case No. SX-2008-CV-00086** |
| PLAINTIFF, | |
| V. | **Action for Damages** |
| CARIBBEAN AUTO MART OF ST. CROIX, INC. AND LINUS LANCANE, | **Jury Trial Demanded** |
| DEFENDANT. | |
| CARIBBEAN AUTO MART, | **Case No. SX-2008-CV-00163** |
| PETITIONER, | **On Review from the Virgin Islands Department of Labor** |
| V. | |
| GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF LABOR (EX REL. MICHAEL FELIX), | **(re: DOL App. No. 020-02-08)** |
| RESPONDENT. | |

Cite as: 2021 VI Super 9

**Appearances:**

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates
Christiansted, VI 00820
*For Michael Felix*

**PAMELA R. TEPPER, ESQ.**
Solicitor General, Virgin Islands Department of Justice
St. Thomas, VI 00802
*For the Government of the Virgin Islands, Department of Labor*

**MICOL L. MORGAN, ESQ.**
Ogletree, Deakins, Nash, Smoak & Stewart, PC
St. Thomas, VI 00802
*For Caribbean Auto Mart (Case No. SX-2008-CV-00086)*

**W. MARK WILCZYNSKI, ESQ.**
Law Office of W. Mark Wilczynski, PC
St. Thomas, VI 00804
*For Caribbean Auto Mart (Case No. SX-2008-CV-00163) and for Linus Lancane*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS**, Presiding Judge

¶1     **THESE MATTERS** are before the Court following a review of the files. Both matters were stayed due to Caribbean Auto Mart having filed a petition for bankruptcy on March 5, 2013. So far as the Court is aware, these matters remain stayed due to the bankruptcy proceeding. The Court questions now, however, whether either case can be revived whenever the bankruptcy proceedings conclude.

¶2     This Court recently echoed other Superior Court judges in questioning how cases and proceedings stayed under bankruptcy laws should be managed in Virgin Islands courts. *See generally Caribbean Auto Mart of St. Croix, Inc. v. Molloy*, 2020 VI Super 78. Once a bankruptcy proceeding is commenced, court cases pending against the debtor are stayed, and remain stayed, until bankruptcy proceedings conclude, and the debtor is discharged. As one court explained,

> [once] the debtor receives a discharge, the automatic stay terminates and the discharge injunction permanently takes its place. The Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." The discharge injunction furthers one of the basic principles of bankruptcy—to provide the debtor with a fresh start. *In re: Covelli*, 550 B.R. 256, 266 (Bankr. S.D.N.Y. 2016) (citations and ellipsis omitted) (emphasis added).

There are exceptions, of course. Student loans being a well-known example of a debt that, generally, is not dischargeable in bankruptcy. But the overarching point here is that, in the vast majority of cases, once the automatic stay takes effect, it remains in effect until most claims against the debtor are resolved.

¶3     The consequence may be that trial courts lack authority to continue cases or proceedings stayed by federal bankruptcy laws ***after*** bankruptcy proceedings have concluded. Courts can dismiss such cases, however, so long as the dismissal is without prejudice. *See Molloy*, 2020 VI Super 78 at ¶ 5; *see also In re: Refinery Hydrocarbon Release Litig.*, Case No. SX-2015-CV-100, 2017 V.I. LEXIS 101 (V.I. Super. Ct. July 10, 2017). Thus, if the plaintiff or petitioner in either matter cannot proceed, then allowing these matters to remain stayed but open for an indefinite length of time is pointless, especially if the end result will ultimately be dismissal. *Cf. Molloy*, 2020 VI Super 78 at ¶¶ 4-5 (noting that an eight-year old case had been stayed for seven years "without an end in sight.").

¶4     This question of how to proceed with these two matters, each having been stayed for nearly eight years now, is made more complex because Case No. SX-2008-CV-00086 (hereinafter "the damages action") and Case No. SX-2008-CV-00163 (hereinafter "the review proceeding") are different actions and were commenced by different parties. The damages action was commenced by Michael Felix (hereinafter "Felix") against Caribbean Auto Mart and Linus Lancane allegedly for wrongful termination. The damages action, clearly, is stayed against Caribbean Auto Mart,[1] and will remain stayed during bankruptcy proceedings unless Felix asks for, and the bankruptcy court grants, relief from the stay to allow the damages action to proceed. By contrast, the review proceeding was commenced by Caribbean Auto Mart. Actions commenced by a party who later files for bankruptcy are not necessarily stayed. *See, e.g.*, *Chaput v. Scafidi*, 66 V.I. 160, 181 (Super. Ct. App. Div. 2017) ("[F]ederal courts, relying on the plain language of the bankruptcy code and a common sense reading of its provisions, distinguish proceedings against the debtor from proceedings by the debtor." (emphasis omitted) (collecting cases)). However, even though

---

[1] Technically, Felix's case against Linus Lancane is not stayed, unless a court concludes that it could not proceed without impacting Caribbean Auto Mart's bankruptcy proceeding. *Cf. In re: Refinery Hydrocarbon Release Litig.*, Case No. SX-15-CV-100, 2017 V.I. LEXIS 101, *13 (V.I. Super. Ct. July 10, 2017) ("Generally, claims against non-bankrupt co-defendants will not be stayed absent a showing that such claims are 'related to' the defendant in bankruptcy and the bankrupt estate.").

Caribbean Auto Mart commenced the review proceeding, that proceeding initially involved a claim against Caribbean Auto Mart, inasmuch as Felix sought unemployment benefits and prevailed before the Virgin Islands Department of Labor. Presumably, it too must remain stayed. *Cf. Molloy*, 2020 VI Super 78 at ¶ 4 ("The goal of the automatic stay is to 'prevent the commencement *or continuation*, after a bankruptcy petition has been filed, of lawsuits and proceedings to *recover* a claim against the debtor that arose before the filing of the petition.'" (first emphasis added) (brackets and citation omitted)). Yet, even if the review proceeding can resume once bankruptcy proceedings conclude, the Court notes that a final order was entered in this matter in February 2010, with a motion for reconsideration timely filed, but not ruled on for nearly eleven years now, three of which proceeded Caribbean Auto Mart's bankruptcy petition. Whether the Court still retains jurisdiction to rule on that motion is unclear. *Cf. Companion Assurance Co. v. Smith*, 66 V.I. 562 (2017).[2]

¶5     Nevertheless, "state and territorial courts have their own procedures for suspending proceedings against parties subject to a bankruptcy stay." *In re: Refinery Hydrocarbon Release Litig.*, Case No. SX-15-CV-100, 2017 V.I. LEXIS 101, *8 (V.I. Super. Ct. July 10, 2017). One procedure is to dismiss those cases and proceedings that are stayed by operation of the bankruptcy laws without prejudice, subject to

---

[2] The Court also questions whether staying the review proceeding is appropriate, given that unemployment benefits are "paid solely through public employment offices, or such other agencies as the U.S. Secretary of Labor shall approve, in accordance with regulations prescribed by the Commissioner of Labor." 24 V.I.C. § 305(a). In addition, "benefits shall be paid promptly in accordance with . . . the decision of a hearing examiner . . . under section 306," and "upon the issuance of such . . . decision . . . unless and until such . . . decision has been modified or reversed . . . in which event benefits shall be paid or denied for weeks of unemployment thereafter in accordance with such modifying or reversing . . . decision." *Id.* § 305(h)(1). In other words, Felix should have received his unemployment benefits, which Caribbean Auto Mart would not have paid directly to him. *Accord Haugen v. Superior Dev., Inc.*, 819 N.W.2d 715, 722 (Minn. Ct. App. 2012) ("Although employers fund the unemployment insurance program and an employer's tax rate may increase based on benefits paid to applicants, an employer does not pay unemployment benefits directly and a former employee's application for benefits is not a claim against an employer." (citations omitted)). Thus, even if Caribbean Auto Mart were to prevail in the review proceeding, reversing the administrative law judge's decision now—twelve years later—might not have a financial impact on the bankruptcy estate, particularly if the end result would mean that Felix is only denied future unemployment. *See* 24 V.I.C. § 305(h)(1); *see also id.* § 305(h)(2); *id.* § 305(j)(3); *Serrant v. V.I. Emp't Sec. Agency*, 32 V.I. 454, 459 (3d Cir. 1995) (reversing reviewing court's decision to affirm recoupment decision).

their refiling, if appropriate, once bankruptcy proceedings have concluded. *See id.* at *10 ("'The bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner *not inconsistent with the purpose of* the automatic stay.'" (quoting *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1998) (*per curiam*)); *see also Molloy*, 2020 VI Super 78 at ¶ 7 ("State and territorial courts have found that 'the need of a court to advance a crowded docket is certainly sufficient to justify the dismissal of a case.'" (quoting *In re: Refinery Hydrocarbon Release Litig.*, 2015 V.I. LEXIS 101 at *11)); *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 767 (2014) (*per curiam*) ("We agree with these courts that dismissal without prejudice represents the sounder method for achieving compliance with the federal mandate, and therefore we dismiss this appeal without considering the merits of the underlying case. Within 60 days of the conclusion of the bankruptcy proceedings or the date the bankruptcy court enters an order terminating the automatic stay, the Brouillards may file a new notice of appeal with this Court, which shall be effective to appeal the . . . Judgment notwithstanding any contrary provision in this Court's rules of appellate procedure."). "However, before taking any significant action *sua sponte*, the Court must first give the parties a chance to respond." *Molloy*, 2020 VI Super 78 at ¶ 7 (citing *Hughley v. Gov't of the V.I.*, 61 V.I. 323 (2014)).

Accordingly, for the reasons given above, it is hereby

**ORDERED** that Michael Felix, as plaintiff in Case No. SX-2008-CV-00086, and respondent in Case No. SX-2008-CV-00163, shall **SERVE** and **FILE** a notice **in writing**, **within fourteen (14) days** from the date of entry of this Order, informing the Court: (**1**) whether Felix filed a proof of claim with the bankruptcy court; (**2**) whether Caribbean Auto Mart, defendant in Case No. SX-2008-CV-00086, and petitioner in Case No. SX-2008-CV-00163, listed these actions on its bankruptcy schedule; and (**3**) assuming that Felix did not miss the deadline to file a proof of claim, whether Felix intends to file a motion with the bankruptcy court to lift the automatic stay to allow either case to proceed.

If Felix will not move the bankruptcy court for relief from the automatic stay, then Felix shall file a response within the same time given above to **SHOW CAUSE** why Case No. SX-2008-CV-00086 should not be dismissed without prejudice for the reasons stated above as to Caribbean Auto Mart, and further **SHOW CAUSE** why his case against Linus Lancane should remain stayed. It is further

**ORDERED** that Linus Lancane **SHALL**—and Caribbean Auto Mart **MAY** but is not required to—**SERVE** and **FILE** a **reply** to any response that Felix files, **within fourteen (14) days** thereafter.

**DONE and so ORDERED this** 28th **day of January, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**