## McKay v. Funk.

1. **Bankruptcy:** JURISDICTION OF STATE COURT TO FORECLOSE MORTGAGE. A State court has jurisdiction to foreclose a mortgage upon lands of one declared a bankrupt under the laws of the United States, when the assignee of the bankrupt has taken no steps to redeem from the mortgage, and the mortgagee has not filed a claim for the debt secured in the proceeding in bankruptcy.

2. —— RENDITION OF PERSONAL JUDGMENT. But in such proceeding no personal judgment should be rendered against the defendant. The proceeding in this respect should be stayed until final determination of the question of the bankrupt's discharge.

*Appeal from Emmet District Court.*

MONDAY, DECEMBER 15.

ACTION to foreclose a mortgage upon real estate in Estherville, Emmet county. The defendant appeared in the district court and filed a motion asking that the proceedings in and determination of the case be stayed to await the decision of the

court of bankruptcy on the question of defendant's discharge, in a proceeding therein pending. It was shown by affidavits and otherwise that defendant had been adjudged a bankrupt, and that the question of his final discharge was still pending in the bankrupt court. The motion was overruled, so far as to the decree forelosing the mortgage and ordering the sale of the property to discharge the mortgage lien, and sustained so far as to the general judgment against defendant. Thereupon a decree was rendered foreclosing the mortgage and a judgment rendered against defendant, which was ordered to be stayed until further consideration of the court shall be had thereon. From this decree defendant appeals.

*E. B. Soper, Shiras, Van Duzee & Henderson* for the appellant.

*H. G. Day* for the appellee.

Beck, Ch. J. — I. The appellant claims that the district court had not jurisdiction in the case to proceed to judgment either in the foreclosure of the mortgage or on the personal claim against the defendant, but should have stayed proceedings in each upon defendant's motion. The proceedings are of a double character and object: 1. To foreclose the mortgage and subject the lands to the lien thereof; 2. To recover judgment against defendant personally, which may be enforced, for the amount of the debt remaining unsatisfied after the sale of the lands upon the decree of foreclosure.

It has been determined by this court that the bankruptcy of the mortgagor does not defeat the jurisdiction of the state court to entertain a cause of foreclosure when the assignee has taken no steps to redeem from the mortgage, and the mortgagee has not filed a claim for the debt secured, in the bankrupt proceeding; acts which are necessary to give the bankrupt court jurisdiction over the mortgaged property. *Brown* v. *Gibbons, ante.*

Following this decision we hold that the district court possessed jurisdiction to entertain the foreclosure proceeding, and by proper decree order the sale of the property, and the application of the proceeds to the payment of the mortgage debt. The decree to that extent is affirmed.

II. The other proceedings in this action looking to a personal judgment against defendant, inasmuch as they involved a matter — a personal debt against one adjudged a bankrupt — which was within the jurisdiction of the bankrupt court, ought, under section 21 of the bankrupt act, to have been stayed, and nothing further done therein after defendant's motion until the final determination of the question of the bankrupt's discharge. Doubtless it was esteemed by the court below that the order staying execution fully complied with the requirements of the section of the bankrupt act just cited; but it does not so appear to us. After the motion was filed nothing ought to have been done further than the entering of an order staying proceedings. But a judgment was rendered, which, however, was not to be enforced by execution until the further order of this court. The law was not followed, and the judgment against defendant personally was, therefore, erroneous, and must be reversed.

As it does not appear that specific objection on these grounds was made to this judgment in the court below, and as the decree of foreclosure is affirmed, the reversal will be without costs.

The defendant will pay all the costs of this appeal. The cause will be remanded for proper proceedings in harmony with this opinion.

Affirmed as to the decree of foreclosure.

Reversed as to the personal judgment against defendant.