HILL *v.* HARDING.

A State court, in which an action against a bankrupt upon a debt provable in
bankruptcy is pending, must, on his application under sect. 5106 of the
Revised Statutes, stay all proceedings to await the determination of the
court in bankruptcy on the question of his discharge, unless unreasonable
delay on his part in endeavoring to obtain his discharge is shown, or the court
in bankruptcy gives leave to proceed to judgment for the purpose of ascer-
taining the amount due ; even if an attachment has been sued out in the.
action more than four months before the commencement of the proceedings
in bankruptcy, and has been dissolved by giving bond with sureties to pay
the amount of the judgment which might be recovered.  And if the highest
court of the State denies the application, and renders final judgment against
the bankrupt, he may, although he has since obtained his certificate of dis-
charge, bring a writ of error, and his assignee may be heard here in support
of the writ.

ERROR to the Supreme Court of the State of Illinois.
The case is stated in the opinion of the court.

*Mr. George W. Brandt* for the plaintiff in error.
*Mr. Adolph Moses* for the defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.
The material facts, as appearing by the record of this case in
the Supreme Court of Illinois, are as follows : —

On the 16th of March, 1877, the original plaintiffs, in ac-
cordance with the statutes of Illinois, and upon the affidavit of
one of them that the defendant was indebted to them in the
sum of $8,264 for services as attorneys at law, and that he was
a resident of Illinois, and was about fraudulently to conceal,
assign or otherwise dispose of his property or effects so as to
hinder or delay his creditors, sued out from the Circuit Court
of Cook County a writ of attachment against him, upon which
his real estate was attached.  On the 28th of March, 1877, in
accordance with those statutes, he dissolved the attachment by
giving bond with sureties to pay to the plaintiffs, within ninety
days after judgment, the amount of any judgment which might
be rendered against him on a final trial in the suit.  On the
12th of April, 1878, a verdict was returned for the plaintiffs in
the sum of $3,500, and the defendant moved the court to set
it aside and grant a new trial.  On the 7th of May, 1878, he

filed in the cause a duly attested copy of an order, dated the 1st of May, 1878, adjudging him a bankrupt under the Bankrupt Act of the United States.

On the 11th of May, 1878, before judgment on the verdict, the defendant suggested the adjudication in bankruptcy (which was admitted) and applied to the State court, under sect. 5106 of the Revised Statutes, for a stay of proceedings to await the determination of the court in bankruptcy upon the question of his discharge. On the same day, the court denied this application, as well as the motion for a new trial, and rendered judgment against him on the verdict, and afterwards allowed a bill of exceptions, which stated the facts above recited. That judgment was affirmed by the Appellate Court for the First District of Illinois on the 19th of November, 1878, and by the Supreme Court of Illinois on the 18th of November, 1879. The opinion of the Supreme Court is reported in 93 Illinois, 77. On the 6th of January, 1880, the defendant sued out this writ of error.

At October Term 1880 of this court, the defendants in error moved to dismiss the writ of error, because at the time it was sued out the plaintiff in error had been discharged from the obligation of the debt to them; and the assignee in bankruptcy moved to substitute his name for that of the bankrupt as plaintiff in error. By the papers submitted with these motions, it appeared that the assignment in bankruptcy was made on the 17th of June, 1878, and a certificate of discharge granted to the bankrupt on the 15th of September, 1879. The court overruled both motions; but granted leave to the assignee to be heard by counsel at the argument on the merits, as to all matters affecting the estate of the bankrupt.

The record clearly shows that a privilege under sect. 5106 of the Revised Statutes was claimed by the original defendant, and was denied by the highest court of the State. There can therefore be no doubt of the authority of this court to revise the judgment.

The section in question is as follows: "No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been

determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge; provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge; and provided also that, if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed."

The terms of this enactment are as broad and as peremptory as possible. "No creditor whose debt is provable shall be allowed to prosecute to final judgment" any suit thereon against the bankrupt; and such suit "shall, upon the application of the bankrupt, be stayed." This provision, like all laws of the United States made in pursuance of the Constitution, binds the courts of each State, as well as those of the nation. Upon the application of the bankrupt to the court, State or national, in which the suit is pending, it is the duty of that court to stay the proceedings " to await the determination of the court in bankruptcy on the question of the discharge," unless there is unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, or unless, the amount of the debt being in dispute, the United States court sitting in bankruptcy gives leave to proceed to judgment for the purpose of ascertaining that amount. If neither the bankrupt nor his assignee in bankruptcy applies for a stay of proceedings, the court may of course proceed to judgment. *Doe* v. *Childress*, 21 Wall. 642; *Eyster* v. *Gaff*, 91 U. S. 521; *Norton* v. *Switzer*, 93 id. 355.

The stay does not operate as a bar to the action, but only as a suspension of proceedings until the question of the bankrupt's discharge shall have been determined in the United States court sitting in bankruptcy. After the determination of that question in that court, the court in which the suit is pending may proceed to such judgment as the circumstances of the case may require. If the discharge is refused, the plaintiff, upon establishing his claim, may obtain a general judgment. If the discharge is granted, the court in which the suit is pending may then determine whether the plaintiff is entitled to a special

judgment for the purpose of enforcing an attachment made more than four months before the commencement of the proceedings in bankruptcy, or for the purpose of charging sureties upon a bond given to dissolve such an attachment. But, so long as the question of the discharge in bankruptcy is undetermined, the suit cannot, against the objection of the bankrupt or of his assignee in bankruptcy, proceed for any purpose, except in one of two events, an unreasonable delay of the bankrupt in endeavoring to obtain his discharge, or an order of the court in bankruptcy granting leave to proceed for the single purpose of ascertaining the amount due.

The result required by the very words of the statute is confirmed by a consideration of the reasons upon which it rests. Its purpose is not merely to protect the bankrupt, in case he obtains a certificate of discharge, from having the original cause of action against him merged in a judgment, the right of action upon which might not be barred by the discharge; but to prevent him, so long as the question of his discharge is undetermined, from being harassed by suit upon any debt provable in bankruptcy, whether it would or would not be barred by a certificate of discharge, and whether the attachment or other security obtained in the suit would or would not be affected by the proceedings in bankruptcy; and also to afford to the assignee in bankruptcy, to whom all the property of the bankrupt has passed, opportunity to assume the defence of the suit, and to contest the existence and amount of the plaintiff's claim, and the validity of his attachment.

This view, which is supported alike by the words and by the reason of the statute, is in accordance with the preponderance of decisions in the highest courts of the several States, and in the District Courts of the United States, as shown by the cases cited in argument.[1]

The plaintiffs' debt being provable in bankruptcy, no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge being shown, and the court in bankruptcy

[1] *Metcalf's Case*, 2 Benedict, 78; *Rosenberg's Case*, 3 id. 14; *Penny* v. *Taylor*, 10 Bankr. Reg. 200; *Whitney's Case*, 18 id. 563; *Ray* v. *Wight*, 119 Mass. 426; *National Bank of Clinton* v. *Taylor*, 120 id. 124; *Towne* v. *Rice*, 122 id. 67; *Page* v. *Cole*, 123 id. 93; *Seavey* v. *Beckler*, 128 id. 471; *McKay* v. *Funk*, 37 Iowa, 661; *Bratton* v. *Anderson*, 5 S. C. 504; *Cohen* v. *Duncan*, 64 Ga. 341.

having granted no leave to proceed to judgment for the purpose of ascertaining the amount due, the decision of the State court, denying the application, made by the bankrupt before judgment, for a stay of proceedings to await the determination of the question of his discharge, and rendering a general judgment against him, was erroneous, and he had the right to sue out and prosecute a writ of error to reverse it. The assignee in bankruptcy has also been permitted to be heard in support of the writ of error, because of his authority and duty to defend the estate of the bankrupt against claims and attachments which he believes to be invalid.

The result is that the judgment of the Supreme Court of Illinois must be reversed, and the case remanded to that court for further proceedings in conformity with this opinion.

The judgment of the State court being reversed for the reason that it denied the stay of proceedings to which the original defendant was entitled under the provision of the Bankrupt Act until the question of his discharge in bankruptcy should have been determined, there is no occasion to consider the question (which may perhaps depend upon the statutes or the practice of the State) whether it will be within the authority of the court in which the suit is pending, now that the defendant has obtained his discharge in bankruptcy, to render a special judgment in favor of the plaintiffs for the purpose of charging the sureties on the bond given to dissolve the attachment; or any other question which may hereafter arise upon the production by the defendant of his certificate of discharge, or upon the suggestion of the assignee in bankruptcy.

*Judgment reversed.*