## H. CANNON *v.* H. F. POOR.

EQUITY APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT COURT.

SUBMITTED JANUARY 12, 1897.      DECIDED JANUARY 19, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

On an appeal from a decree dismissing a bill to foreclose a mortgage on real estate, the defendant, after the perfection of the appeal, was adjudged a bankrupt, and the assignee in bankruptcy appeared and suggested the bankrutpcy of defendant and submitted whether such bankruptcy was an absolute stay of the suit.

Held, that after notice to the assignee of the appeal pending, and a reasonable time granted him, the stay should be removed and the appeal proceed.

Held, also, that the suit involving property which, if released from the alleged lien of plaintiff, would be thrown into the general fund available to creditors, the assignee has the right to and ought to appear on the appeal.

OPINION OF THE COURT BY WHITING, J.

The plaintiff brought his bill in equity, against defendant Poor, to foreclose a mortgage given to secure a bond conditioned for the performance of certain covenants contained in an agreement in writing between the parties. Upon a hearing before the Circuit Judge of the First Circuit Court the bill was dis-

missed and a decree made in favor of defendant Poor. The plaintiff appealed to the Supreme Court.

After the perfecting of such appeal, the defendant Poor was duly adjudged a bankrupt by the Circuit Judge of the First Circuit Court, and now, at this term of the Supreme Court, appears John F. Colburn, who suggests the bankruptcy of Poor, and that he, Colburn, is the duly elected and qualified assignee in bankruptcy of Poor's estate.

The defendant Poor does not appear, nor does he suggest, on appeal, his bankruptcy.

Chap. 22, Sec. 5, Session Laws, 1888, provides that "Upon the filing of a petition" (in bankruptcy) "all civil suits pending in relation to and all executions or attachments laid upon a bankrupt's property shall be stayed." * * *

We are of the opinion that, the suit being for the foreclosure of a mortgage on property, although involving the question of liability of defendant to respond to plaintiff's claim, the plaintiff can still pursue his claim against the property mortgaged, although, by defendant's bankruptcy, no decree or judgment could be rendered against the defendant Poor personally, or binding on the estate in the assignee's hands other than the property secured by this mortgage. Surely a creditor can rely upon his mortgage security, and need not prove any secured claim in the bankrupt's estate, although in such case he cannot claim any dividends from the assignee. If the plaintiff began his suit after the bankruptcy of Poor, the assignee would probably have been made a party to it. So far as appears of record in this case, the assignee would be and is interested in the result, for if the decree stands, it may release a large amount of the bankrupt's property from the plaintiff's lien and make it available for the general creditors. And he would be entitled to be notified and appear in this appeal.

A reasonable stay of civil suits is necessary in these bankruptcy cases, but we are of opinion that where the cause is in equity to foreclose a mortgage, the court can direct and order the suit to proceed, and that the law providing for a stay does

not require the court to construe it to be a perpetual stay. The defendant Poor cannot by his subsequent bankruptcy prevent the prosecution of plaintiff's appeal in this suit. When a bankrupt is seeking to prevent the establishment of a claim against himself, the assignee himself in the interest of the creditors may well be allowed to intervene in order to exclude claims which, if established, might reduce the estate otherwise available to creditors. The bankrupt also may have an interest in this appeal.

The assignee in all cases should be notified to appear, but the assignee in bankruptcy in this case now having appeared, although merely to suggest the bankruptcy, the stay of the appeal should be removed and the appeal heard by this court, unless the assignee has sound reasons to present to the contrary. The mere fact of the bankruptcy of Poor should no longer stay the appeal. The assignee has a right to appear, and so far as shown to us, ought to appear herein. The following cases may be referred to:

*McKay v. Funk*, 37 Iowa, 661.
*Merritt v. Glidden*, 39 Cal. 564.
*Doe v. Childress*, 21 Wall. 642.
*Sanford v. Sanford*, 58 N. Y. 67.
*Serrao e Hijo v. Hoffmar*, 17 B. R. 124.

There having been so much delay in bringing this appeal to the Supreme Court (unavoidable on the part of counsel), notice to defendant Poor ought to be given, if he has not yet been notified.

Let the parties appear on January 21, 1897, for further proceedings.

*Magoon & Edings*, for plaintiff.
*C. Brown*, for assignee.