**JONES et al. v. ALTON & S. R. CO. et al.**

**No. 455.**

District Court, E. D. Illinois.

Jan. 8, 1934.

Arvid B. Tanner, of Chicago, Ill., for plaintiff.

Josiah Whitnel, of East St. Louis, Ill., for defendant.

LINDLEY, District Judge.

The Missouri Pacific Railroad Company, one of the defendants, has filed herein its application to stay these proceedings because of the fact that it was, prior to the commencement of the suit, and is now, a bankrupt in the Eastern District of Missouri. An adjudication in bankruptcy has been entered and trustees appointed. The debt here asserted is dischargeable.

Judge Ferris, in the court of original jurisdiction, has entered an order restraining all suits against the bankrupt. Plaintiffs insist that, in view of the fact that they had no notice of such injunctional order, they are not bound thereby.

To me, it seems wholly immaterial whether the court of original jurisdiction has restrained the suit or not. An adjudication in bankruptcy is a caveat to the world announcing exclusive jurisdiction in the court of bankruptcy, and thereafter upon notice of such adjudication, all courts, whether state or federal, must, upon application of interested parties, stay further proceedings to recover a dischargeable debt.

Section 77 of the Bankruptcy Act as amended March 3, 1933, subsection $l$ (11 US CA § 205 ($l$), is as follows: "In addition to the provisions of section 29 of this title for the staying of pending suits against the debtor, such suits shall be further stayed until after final decree the judge may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree."

The Supreme Court of the United States has passed upon statutory provisions authorizing such stay orders. Thus in Hill v. Harding, 107 U. S. 631, 2 S. Ct. 404, 406, 27 L. Ed. 493, the court said: "The terms of this enactment are as broad and as peremptory as possible. 'No creditor whose debt is provable shall be allowed to prosecute to final judgment' any suit thereon against the bankrupt; and such suit 'shall, upon the application of the bankrupt, be stayed.' This provision, like all laws of the United States made in pursuance of the constitution, binds the courts of each state as well as those of the nation. Upon the application of the bankrupt to the court, state or national, in which the suit is pending, it is the duty of that court to stay the proceedings 'to await the determination of the court in bankruptcy on the question of the discharge,' unless there is unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge."

In the later case of Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 984, 30 L. Ed. 985, the court said: "The state court could not know or take judicial notice of the proceedings in bankruptcy unless they were brought before it in some appropriate manner, and the provisions of this section show plainly that it does not thereupon lose jurisdiction of the case; but the proceedings may, upon the application of the bankrupt, be stayed to await

the determination of the court in bankruptcy on the question of his discharge."

In the case of In re Geister (D. C.) 97 F. 322, 323, it was said:

"The proper practice to be followed in this class of cases is to make the application to the court wherein the action sought to be stayed is pending, and it is the duty of that court, whether it be state or federal, to grant a stay according to the provisions of the bankruptcy act. * * *

"The rule thus announced under the provisions of the act of 1867 is clearly applicable to section 11 of the act of 1898 [11 USCA § 29], and points out the course to be pursued in cases like that now under consideration. The bankrupt who is the defendant in the state court should file in that court a proper pleading setting forth the pendency of the proceedings in bankruptcy, and, based thereon, should ask a stay as provided for in section 11; and, upon being thus informed of the pendency of the proceedings in bankruptcy, it will become the duty of the state court to grant the stay prayed for. Not only is this the proper method of bringing to the judicial notice of the state court the fact that proceedings in bankruptcy have been instituted, and therefore the bankrupt has a right to a stay of the case until the question of a discharge can be heard, but it is also the proper procedure; for the reason that the creditors, who are the plaintiffs in the suit sought to be stayed, are parties to the action in the state court, are within its jurisdiction, and will therefore be bound by its action in the premises, whereas they are not now subject to the jurisdiction of this court, as they have not been notified of the filing of this petition now before the court, nor in any way brought within the actual jurisdiction of this court. For these reasons the prayer of the petition is refused, on the ground that the application for a stay should be made in the state court in which the case is pending."

Inasmuch as the jurisdiction of the bankruptcy court has intervened, no court, state or federal, has a right to proceed with a pending suit to recover a dischargeable debt except by permission of the court of original jurisdiction. Consequently, the motion for a stay must be granted.

It would seem that, if plaintiffs desire to liquidate their claim against the Missouri Pacific Railroad Company, proper remedy for them would be to ask permission of the original court so to do. When once liquidated, the claim may be filed in the bankruptcy proceedings. Proper order may be submitted.