650 P.2d 704

**Margaret E. LINDSEY, Plaintiff-Appellant,**

v.

**Julian H. CORNELL, Defendant-Respondent.**

No. 13536.

Court of Appeals of Idaho.

Aug. 18, 1982.

Petition for Review Denied Oct. 28, 1982.

 

James W. Givens, Lewiston, for plaintiff-appellant.

J. D. Hancock, Rexburg, for defendant-respondent.

WALTERS, Chief Justice.

This case concerns the alleged reaffirmation of a debt, owed by Cornell to Lindsey, and scheduled by Cornell in bankruptcy. The state district court held that the debt had not been reaffirmed, and entered judgment for Cornell. Lindsey appeals. For reasons explained below, we vacate the judgment.

In 1976 Lindsey made a personal, unsecured loan to Cornell. On February 9, 1977, Cornell filed bankruptcy, listing the debt. Lindsey received notice of the bankruptcy and filed a creditor's claim with the bankruptcy court. Later, before a discharge in bankruptcy was entered, Cornell orally acknowledged to Lindsey that he owed the debt, delivered a signed promissory note to her, and made several payments on the debt to a third-party collection agency on her behalf.

Thereafter, while the bankruptcy proceeding was pending, Lindsey filed suit in state court for collection of the balance due on the debt. During trial, a stay order from the bankruptcy court was presented to the district court by Cornell's attorney in the bankruptcy proceeding. He testified that a discharge had not yet been entered, and that the stay order had not been modified or changed but was still "in full force and effect." The stay order specifically enjoined continuation of the suit between Lindsey and Cornell in the state district court until further order of the bankruptcy court. Notwithstanding the stay order, the district court completed the trial and rendered a decision.

We expressly disapprove the procedure followed by the district court. It is well established that a bankruptcy court has the power to issue an injunction against

a subsequent proceeding in state court to prevent defeat or impairment of the jurisdiction of the bankruptcy court. *See* Bankruptcy Act of 1898, §§ 11(a), codified as 11 U.S.C. § 29(a); 14f(2) codified as 11 U.S.C. § 32f(2); 17c(4) codified as 11 U.S.C. § 35c(4); Bankruptcy Rule 401 (Bankruptcy Act of 1898); *compare* Bankruptcy Reform Act of 1978, § 362, codified as 11 U.S.C. § 362. *See also* Local Loan Co. v. Hunt, 292 U.S. 234 (1934). The principle upon which the bankruptcy court protects the discharged bankrupt—by barring enforcement of claims against him—applies with equal force to prevent interference by suits, filed between the time of bankruptcy and the granting of the discharge, for the collection of debts scheduled in the bankruptcy. *See In Re Fellows,* 43 F.2d 122 (D.C.Okl.1930). A stay by the bankruptcy court of a suit in state court does not operate as a bar to the action, but only as a suspension of proceedings until the question of the bankrupt's discharge is determined by the bankruptcy court. *Hill v. Harding,* 107 U.S. 631, 2 S.Ct. 404, 27 L.Ed. 493 (1882). In our view, a state trial court should not hear a claim against a bankrupt, in the face of a stay order issued by the bankruptcy court, unless the subject matter of the claim clearly falls outside the scope of the stay, or the bankruptcy court has granted relief from the stay.

The law of reaffirmation of debts listed in bankruptcy is undergoing change. Congress recently vested exclusive jurisdiction in the bankruptcy courts to determine whether a reaffirmation has occurred in a given case, and if so, whether it is enforceable. *See* Bankruptcy Reform Act of 1978, § 524, codified as 11 U.S.C. § 524; 3 Bankruptcy—L.Ed. § 22:46; 3 Collier Bankruptcy, ¶ 524.03, p. 524–16 (15th ed. 1982). We agree with the approach taken by Congress. We believe that the substantive law of reaffirmation will be more uniformly applied through the expertise of the bankruptcy courts than in a host of state trial courts.

Lindsey urges that a reaffirmation, if one occurred in this case, would have constituted a waiver of the stay or, alternatively, would have removed the claim from the scope of the stay. Such reasoning is circular. It suggests that a state court has jurisdiction to decide whether there was a reaffirmation because if there was a reaffirmation, there is no lack of jurisdiction. We reject this approach.

The proper inquiry is whether the state court or the bankruptcy court is the better forum for deciding a question, arising under federal law, which may affect the scope of a stay order issued by the bankruptcy court. We adhere to the general principle stated in *Lapin v. Shulton, Inc.,* 333 F.2d 169, 172 (9th Cir. 1964), *cert. denied,* 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964):

> [F]or a nonissuing court to entertain an action for relief from an injunction would be seriously to interfere with, and subsequently to usurp, the inherent power of the issuing court to supervise its continuing decree by determining from time to time whether and how the decree should be supplemented, modified or discontinued in order properly to adapt it to new or changing circumstances.

> [C]onsiderations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.

Therefore, we hold that the district court erred by disregarding the stay order. The judgment below is vacated, and the matter remanded to the district court with directions to suspend any further proceedings until the bankruptcy court has granted the parties relief from the stay or has otherwise decided that the state court action is not stayed. When that has occurred, the district court may enter a subsequent judgment reflecting both the disposition of the stay order and the district court's decision on the merits of the case. If the subsequent judgment is appealed, one or both parties may request expedited consideration under I.A.R. 44. No costs or attorney fees allowed.

BURNETT and SWANSTROM, JJ., concur.