**CLAUDE MOTT BROUILLARD and MEI-WA CHENG BROUILLARD, Appellants/Defendants**

**v.**

**DLJ MORTGAGE CAPITAL, INC., as successor in interest and assignee of FIRST BANK PUERTO RICO, Appellee/Plaintiff**

S. Ct. Civil No. 2013-0092

Supreme Court of the Virgin Islands

April 25, 2014

CLAUDE MOTT BROUILLARD, Farmington, CT, *Pro se.*

MEI-WA CHENG BROUILLARD, Hartford, CT, *Pro se.*

CAROL ANN RICH, ESQ., Law Offices of Dudley, Rich, Davis LLP, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(April 25, 2014)

PER CURIAM. This matter comes before this Court pursuant to a "Notice of Bankruptcy" filed on February 6, 2014, by Appellants Claude Mott Brouillard and Mei-Wa Cheng Brouillard,[1] as well as a response filed by Appellee DLJ Mortgage Capital, Inc. For the reasons that follow, we dismiss this appeal without prejudice to its re-filing upon the conclusion of the bankruptcy case currently pending in the United States Bankruptcy Court for the District of Connecticut or the lifting of the automatic statutory bankruptcy stay by that court.

## I. BACKGROUND

On April 15, 2011, First Bank Puerto Rico initiated an action for debt and foreclosure against the Brouillards due to their failure to make timely payments on mortgage for real property. During the pendency of the lawsuit, First Bank assigned its mortgage to DLJ Mortgage Capital. Ultimately, the Superior Court entered summary judgment against the Brouillards, and issued a September 26, 2013 Judgment directing them to pay the sum of $381,972.28.

The Brouillards timely filed a joint notice of appeal with this Court on October 25, 2013. However, on February 6, 2014, the Brouillards filed a "Notice of Bankruptcy" with this Court, in which they informed the Court that Claude had filed a petition for bankruptcy with the United States Bankruptcy Court for the District of Connecticut. The Brouillards requested that this Court stay this appeal, as it pertained to Claude, in accordance with 11 U.S.C. § 362, which provides, in pertinent part, that the filing of certain bankruptcy petitions "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was

---

[1] Because the two appellants share the same last name, this Court shall, when necessary, refer to them by their first names in order to minimize confusion.

or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1).

DLJ Mortgage Capital responded to the Brouillards' filing on March 25, 2014. In its response, DLJ Mortgage Capital agreed that section 362(a) applied to this matter, notwithstanding the fact that this appeal had been initiated by the Brouillards, since courts have universally held that an appeal from a case filed against a debtor is a *"continuation . . . of a judicial, administrative, or other action or proceeding against the debtor."* *See, e.g., Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64-65 (2d Cir. 1986); *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983); *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983); *Association of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir. 1982). Furthermore, DLJ Mortgage Capital contends that even though only Claude filed for bankruptcy, Mei-Wa's appeal should also not proceed since the Superior Court found them jointly and severally liable, and thus upholding the grant of summary judgment against Mei-Wa may adversely affect Claude's bankruptcy estate. *See, e.g., McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 510-11 (3d Cir. 1997); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *Marroquin v. D & N Funding, Inc.*, 943 S.W.2d 112, 115 (Tex. App. 1997). On March 26, 2014, the Brouillards filed a "Supplement to Notice of Bankruptcy," where they likewise now agree that Mei-Wa's appeal should also not proceed.

## II. DISCUSSION

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). It is well established that Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought bankruptcy protection in federal court. *See Hill v. Harding*, 107 U.S. 631, 633-34, 2 S. Ct. 404, 27 L. Ed. 493 (1883); *In re James*, 940 F.2d 46, 51 (3d Cir. 1991). Rather, Congress exercised its constitutional authority to enact "uniform Laws on the subject of Bankruptcies throughout the United States," U.S. CONST. art. I, § 8, cl. 4, to suspend such proceedings while a bankruptcy petition remains pending. *James*, 940 F.2d at 51 (citing *Hill*, 107 U.S. at 634).

765

We agree with the Brouillards and DLJ Mortgage Capital that 11 U.S.C. § 362(a) compels this Court to suspend this appeal, as it relates to both of the Brouillards, during the pendency of Claude's bankruptcy petition. Nevertheless, we disagree with the parties that section 362 mandates that this Court indefinitely hold this appeal in abeyance. While Congress, by enacting section 362, has directed state and territorial courts to suspend judicial proceedings that have been initiated or commenced against a bankruptcy petitioner, it has not codified a specific procedure for suspending such proceedings. *Cf. Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 435 (V.I. 2013) ("Although the substantive provisions of the FAA unquestionably preempt contrary local laws, '[t]here is no federal policy favoring arbitration under a certain set of procedural rules.' " (quoting *World Fresh Market v. P.D.C.M. Assocs.*, S. Ct. Civ. No. 2011-0051, 2011 V.I. Supreme LEXIS 29, at *6 (V.I. Aug. 25, 2011) (unpublished))).

■ Although many federal courts of appeal traditionally hold such appeals in abeyance, section 362 does not compel such a procedure. As a result, several courts have developed a practice of dismissing the appeal without prejudice to its re-filing upon either termination of the bankruptcy proceedings or the lifting of the section 362 stay by the bankruptcy court. *See, e.g., Independent Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (explaining that the automatic bankruptcy stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. § 362(a)]"); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (court may dismiss, rather than stay, proceeding against bankruptcy petitioner, so long as dismissal is without prejudice, since such disposition is "not inconsistent with the purpose of the automatic stay"); *Duffy v. Onewest Bank, FSB*, No. 64518, 2014 Nev. Unpub. LEXIS 377, *1 (Nev. Mar. 11, 2014) (unpublished) ("Given the applicability of the automatic stay . . . this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice."); *Olde Towne Tyrone, LLC v. Multibank 2009-1 CRE Venture, LLC*, 326 Ga. App. 322, 325, 756 S.E.2d 558 n.2 (2014) ("Seymour may re-file his appeal within 30 days following the date that the bankruptcy court terminates the automatic stay, grants appropriate relief from the automatic stay, or otherwise determines that the provisions of the automatic stay do not apply to the issues involved in this appeal.").

We agree with these courts that dismissal without prejudice represents the sounder method for achieving compliance with the federal mandate, and therefore we dismiss this appeal without considering the merits of the underlying case. Within 60 days of the conclusion of the bankruptcy proceedings or the date the bankruptcy court enters an order terminating the automatic stay, the Brouillards may file a new notice of appeal with this Court, which shall be effective to appeal the Superior Court's September 26, 2013 Judgment notwithstanding any contrary provision in this Court's rules of appellate procedure. Because the Brouillards already paid the required docketing fee on November 8, 2013, and ordered and paid for all pertinent transcripts, upon the filing of a new notice of appeal, they shall neither be assessed a second docketing fee nor required to re-order the same transcripts. Additionally, notwithstanding Supreme Court Rule 30(a), no costs shall be assessed against the Brouillards with respect to this appeal. Such disposition is consistent with the primary purpose of section 362(a), and ensures that the Brouillards shall not be prejudiced in any way by our decision to dismiss without prejudice rather than holding this matter in abeyance indefinitely.

## III. CONCLUSION

For the foregoing reasons, we dismiss this appeal without prejudice to its re-filing within 60 days of the conclusion of the bankruptcy proceeding currently pending in the United States Bankruptcy Court for the District of Connecticut or the lifting of the bankruptcy stay by that court, whichever comes first.