**JOHN CIANCI and THOMAS CHAPUT, Appellants/Petitioners**
**v.**
**ROBERT CHAPUT, Appellee/Respondent**

S. Ct. Civil Nos. 2014-0033, 2014-0034

Supreme Court of the Virgin Islands

June 16, 2016

JOHN A. CIANCI, St. Croix, USVI, *Pro se.*

KYE K. WALKER, ESQ., The Walker Legal Group St. Croix, USVI, *Pro se.*

ATIIM DIA ABRAHAM, ESQ., St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice* and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(June 16, 2016)

HODGE, *Chief Justice*. John Cianci and Thomas Chaput (collectively referred to as "sons"), initiated a petition for guardianship and conservatorship over their father, Robert Chaput, on October 9, 2012. During the pendency of that proceeding — after the Superior Court had held multiple hearings but before it entered its final order — Chaput filed for bankruptcy, triggering an automatic stay of the guardianship proceeding. Because the automatic stay has not been lifted, we vacate the Superior Court's May 1, 2014 order as void and remand for further proceedings. Attorney Kye Walker represented the sons in this matter but moved to withdraw from the case due to a fee dispute. The Superior Court denied Walker's motion after determining that permitting Walker to withdraw would cause prejudicial delay to both parties given that they needed only to file post-hearing motions. We affirm the Superior Court's denial.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

In the petition for guardianship, Chaput's sons alleged that Chaput's health began deteriorating after his wife died in 2009, and that he may be suffering from a mental illness. As a result, they alleged that he is unable to properly manage his affairs; specifically, his sons contended that Chaput allows other people to take advantage of him, fails to pay his mortgage, and permits people to live rent free in some of his rental units. His sons requested that the Superior Court determine that Chaput is incapacitated, and then appoint John Cianci as an unlimited guardian for Chaput and appoint Thomas Chaput as an unlimited conservator for Chaput's property.

The Superior Court held multiple hearings on this matter between April 2, 2013, and September 17, 2013. After the final hearing, the parties were ordered to submit written post-hearing arguments, including proposed findings of fact and conclusions of law, and the sons were ordered to file a motion to exclude the testimony of a psychiatrist that testified on Chaput's behalf. (Walker J.A. 24.) Chaput filed his post-hearing arguments but his sons did not.

Instead, on January 29, 2014, the sons' counsel, Attorney Kye Walker, filed an *ex parte* motion requesting to withdraw from the case. In her motion, Walker alleges that there was a breakdown of communication between her and the sons due to the sons' failure to pay $241.03 for services rendered and refusal to replenish the retainer by $2,000. The Superior Court denied Walker's motion on January 31, 2014. It reasoned that it would be highly prejudicial to both parties to allow Walker's withdrawal so late in the proceedings, where the only action left was to file post-hearing motions, and that it would be a nearly insurmountable task to ask another attorney to come in and competently prepare the final filings in a complex case. Walker appealed the denial of her motion, but this Court dismissed it for lack of jurisdiction. *Cianci v. Chaput*, S. Ct. Civ. No. 2014-0007, slip op. at 1 (V.I. Mar. 14, 2014) (unpublished).

Instead of filing the post-hearing motions, on April 9, 2014, Walker filed on the sons' behalf an emergency motion to reopen the guardianship hearing to present newly discovered evidence and an emergency motion to disqualify Chaput's counsel due to alleged ethical violations. As part of these motions, the sons informed the court that Chaput had filed a voluntary Chapter 13 bankruptcy petition on February 6, 2014, and argued that evidence in the bankruptcy proceeding revealed continued deterioration of Chaput's cognitive abilities. The Superior Court did not rule on either of these motions before issuing its final order on May 1, 2014,[1] denying the sons' petition for guardianship. The Superior Court determined that the sons had not provided clear and convincing evidence that Chaput was incapable of conducting his own affairs, as contemplated by 15 V.I.C. § 841, and that Chaput demonstrated "knowledge and understanding of his personal and financial affairs" in the buying and selling of property and in taking steps to protect his own interests. The

---

[1] The Superior Court originally filed its final order on May 1, 2014, but entered an amended final order on May 8, 2014 *nunc pro tunc* to May 1, 2014.

Superior Court dismissed the sons' petition, and vacated a stay that had been imposed on an eviction proceeding arising from John Cianci's residence at one of Chaput's properties. The sons timely filed a notice of appeal on May 30, 2014, which was docketed in this Court as S. Ct. Civ. No. 2014-0033. *See* V.I.S.CT.R. 5(a)(1). Walker also timely filed a second notice of appeal of the court's denial of her motion to withdraw on May 30, 2014, which was docketed as S. Ct. Civ. No. 2014-0034. *Id.* We subsequently consolidated these matters *sua sponte* for appellate disposition.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Pursuant to the Revised Organic Act of 1954, this Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d); *see also* V.I. CODE ANN. tit. 4, § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). The Superior Court's May 1, 2014 order constitutes a final order because it fully adjudicates all issues between Chaput and his sons. *See, e.g., Ottley v. Estate of Bell,* 61 V.I. 480, 487 (V.I. 2014); *Thomas v. V.I. Bd. of Land Use Appeals,* 60 V.I. 579, 585 (V.I. 2014).

The sons, now representing themselves, assert that this Court does not have jurisdiction over this appeal because on February 6, 2014, Chaput filed for Chapter 13 bankruptcy, which triggered a provision in the bankruptcy code imposing an automatic stay on the guardianship proceeding. Although they argue for reversal in terms of jurisdiction — which would result in a dismissal of their appeal if we were to find we do not have jurisdiction — it is more likely that the sons, given their *pro se* status, incorrectly used jurisdictional language to describe a non-jurisdictional basis for reversal, and we construe their argument accordingly. *Appleton v. Harrigan,* 61 V.I. 262, 267 (V.I. 2014) (noting that "it is our policy to give *pro se* litigants greater leeway in dealing with matters of procedure and pleading" (quoting *Joseph v. Bureau of Corr.,* 54 V.I. 644, 650 (V.I. 2011))).

This Court has already held that "Congress, in enacting 11 U.S.C. § 362(a) and its predecessor statute, did not divest state and territorial courts of jurisdiction over proceedings against those who have sought

bankruptcy protection in federal court." *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 765 (V.I. 2014) (collecting cases). Instead, the purpose of § 362 is to suspend proceedings against those who have sought bankruptcy protection in federal court for the duration of the bankruptcy proceeding. *Id.* Therefore, we have jurisdiction over this appeal. We also have jurisdiction over Walker's appeal of her motion to withdraw since "prior interlocutory orders merge with the final judgment in a case, and the interlocutory orders . . . may be reviewed on appeal from the final order." *Matter of Estate of George*, 59 V.I. 913, 919 (V.I. 2013) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996)).

We review findings of fact under a clearly erroneous standard, *Walters v. Parrott*, 58 V.I. 391, 411 (V.I. 2013), and we review the application of law to those facts under a plenary standard. *Bradford v. Cramer*, 54 V.I. 669, 671 (V.I. 2011) (citing *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)). We also engage in plenary review over all issues of statutory interpretation. *In re Estate of George*, 59 V.I. 913, 922 (V.I. 2013) (citing *Kelley v. Gov't of the V.I.*, 59 V.I. 742, 745 (V.I. 2013)). The Superior Court's denial of a motion to withdraw representation of a party is reviewed for an abuse of discretion. *In re Drue*, 57 V.I. 517, 522 (V.I. 2012).

## B. Automatic Stay

■ Although not a jurisdictional barrier to review, section 362(a) of title 11 of the United States Code automatically stays further action in a broad range of proceedings involving the bankruptcy debtor. Section 362(a) provides, in pertinent part, that:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —
>
>> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>>
>> . . .
>>
>> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate

11 U.S.C. § 362(a). The stay is " 'automatic' because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed." *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (collecting cases). "Once triggered, the automatic stay of an action pending against the debtor . . . 'continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay.' " *Id.* at 1206 (quoting *Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir.1985)).

■■ Chaput filed for bankruptcy in the Bankruptcy Division of the District Court of the Virgin Islands while his sons' petition for guardianship was pending in the Superior Court. A person who files a petition for guardianship seeks to obtain control over another person's daily decisions and affairs by becoming entrusted with "the care and custody of the person of the ward and the management of all his estate." 15 V.I.C. § 843. The Superior Court has the authority to appoint guardians "when it appears necessary and convenient" for "all insane persons, idiots, and others incapable of conducting their own affairs," and may authorize the guardian to "take care, custody and management of the estates, real and personal, of such persons." 15 V.I.C. § 841(a), (b)(1). Thus, a petition for guardianship is a petition to "exercise control over property of the estate," 11 U.S.C. § 362(a)(3), of a person deemed "incapable of conducting their own affairs." 15 V.I.C. § 841(a). Therefore, when Chaput filed for bankruptcy, the guardianship proceeding in the Superior Court was automatically stayed pursuant to both § 362(a)(1) and (3) of the United States Bankruptcy Code, since the guardianship proceeding was against the bankruptcy debtor — Chaput — and constitutes an act seeking to control his property and manage his affairs. *See In re McDonald*, No. 8:04-BK-1742-MGW, 2004 Bankr. LEXIS 1950, at *9 (Bankr. M.D. Fla. Oct. 7, 2004) (unpublished) (annulling automatic stay as to guardianship proceedings to permit a "specialized tribunal that deals with issues of alleged incapacity and guardianship on a regular basis" to make a determination about whether the debtor needed a guardian to manage her affairs); *see also In re Sarhan*, No. 10-45979-BKC-AJC, 2011 Bankr. LEXIS 4540, at *5 (Bankr. S.D. Fla. Nov. 16, 2011) (unpublished) (terminating an automatic stay in a guardianship case "to permit the Guardian to obtain a ruling from the Guardianship Court on the amount of attorney's fees and costs and other damages" owed to him).

██ No evidence was presented to show that the automatic stay has been lifted so that the guardianship proceeding could continue.[2] *See Maritime Elec. Co.*, 959 F.2d at 1204 ("Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor." (citing *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62-63 (6th Cir.1983))); 11 U.S.C. § 362(d) (authorizing the bankruptcy court to grant relief from an automatic stay upon the request of a party in interest and after notice and a hearing). Because the stay remains in place, we remand this matter to the Superior Court. *See Compton v. Chatanika Gold Camp Props.*, 988 P.2d 598, 603-04 (Alaska 1999) ("Because dismissing the malpractice action without the permission of the bankruptcy trustee violated the automatic stay, we vacate the order dismissing the case with prejudice . . . and remand for . . . further proceedings."); *Superpumper, Inc. v. Nerland Oil, Inc.*, 2000 ND 220, 620 N.W.2d 159, 163 (2000) (remanding and vacating lower court's order affirming arbitration decision because automatic bankruptcy stay was in place).

██ We conclude that the Superior Court's May 1, 2014 opinion was issued in violation of the stay and is therefore void; accordingly, it must be vacated. *See In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007) (holding "actions taken in violation of the stay are void") (collecting cases); *In re Schwartz*, 954 F.2d 569, 574 (9th Cir. 1992) (noting that it is "the general rule that violations of the automatic stay are 'void' "); *Maritime Elec. Co.*, 959 F.2d at 1206 (holding that "[a]bsent relief from the stay, judicial actions and proceedings against the debtor are void *ab initio*") (collecting cases); *York v. State*, 373 S.W.3d 32, 39 (Tex. 2012) (agreeing with most federal circuit courts that have considered the issue that "treating an action in violation of the automatic stay as void is more consistent with its purpose of providing debtors a 'breathing spell' " (citing *St. Paul Fire*

---

[2] We accessed the docket in Cianci's bankruptcy case, which was filed in the Bankruptcy Division of the District Court of the Virgin Islands, case number1:14-BK-10003-MFW, and is accessible online through the Public Access to Court Electronic Records ("PACER") database. https://ecf.vid.uscourts.gov/cgi-bin/ShowIndex.pl. It appears that the case remains ongoing and filings have been recently made. *See Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket." (collecting cases)); *Jackson v. Hedgpeth*, No. CV 13-04203-VBF MAN, 2013 U.S. Dist. LEXIS 103862, at *3 n.1 (C.D. Cal. July 24, 2013) (unpublished) (taking judicial notice of "the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system." (collecting cases)).

& *Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 540 (5th Cir. 2009)); *McGuire v. Champion Fence & Const., Inc.*, 104 P.3d 327, 329 (Colo. App. 2004) (same) (collecting cases); *Jones v. Cain*, 804 A.2d 322, 331 (D.C. 2002); *Bezanson v. First Nat. Bank of Boston*, 633 A.2d 75, 76-77 (Me. 1993); *see also* Kenneth T. Fibich & Ben B. Floyd, *Impact of Bankruptcy on Family Law*, 29 S. TEX. L. REV. 637, 645 (1988) (noting that the general rule is that "actions which are taken in violation of the stay are void"). On remand, we direct the Superior Court to respect the stay provision of 11 U.S.C. § 362 by staying all proceedings related to this case until such time as the stay is lifted or other action is taken permitting the continuation of the guardianship proceeding.[3]

## C. Motion to Withdraw

Walker appeals the Superior Court's denial of her motion to withdraw representation of the sons, which occurred before Cianci filed for bankruptcy and triggered the automatic stay. The Superior Court denied Walker's motion to withdraw because it determined that permitting withdrawal so late in the proceedings would materially affect the sons' interests and result in further delay that would be highly prejudicial to both parties. (Walker's J.A. 4-6.)

As we have already discussed, because Chaput filed for bankruptcy, an automatic stay prevented "the commencement or

---

[3] Similar to our decision in *Hansen v. O'Reilly*, 62 V.I. 494 (V.I. 2005), where we held that the Superior Court "lacked the authority to disregard the notice of removal" of the case to the District Court of the Virgin Islands, *id.* at 508, here, the Superior Court lacked the authority to disregard the automatic stay. But in *Hansen*, the Superior Court's error did not compel reversal because the District Court *sua sponte* remanded the matter to the Superior Court a day before the Superior Court issued its final judgment and it would have "serve[d] absolutely no purpose other than additional expense and delay" to require the Superior Court to hold a new trial and issue a new opinion — especially in light of the District Court's decision declining to exercise its removal jurisdiction. *Id.* at 510-11. In this case, however, the bankruptcy proceeding is ongoing, and only the bankruptcy court has the authority to lift the automatic stay to allow continuation of the guardianship matter or to validate the Superior Court's May 1, 2014 order by retroactively annulling the automatic stay. *See, e.g., In re Myers*, 491 F.3d at 127 ("A bankruptcy court has the authority to make exceptions to and to annul the automatic stay under 11 U.S.C. § 362(d)."); *In re Hoffinger Indus., Inc.*, 329 F.3d 948, 951-52 (8th Cir. 2003) (same); *York*, 373 S.W.3d at 40 (holding that there is no doubt "that the bankruptcy court can retroactively grant relief from the stay," but rejecting the argument that "by authorizing the bankruptcy court to annul the stay, Congress broadened all courts' jurisdiction to violate it").

continuation" of any judicial action against him. 11 U.S.C. § 362(a). Its purpose "is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.' " *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982) (internal citations omitted) (quoting *In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981)).

██ ██ Whether a decision on a motion to withdraw representation constitutes a continuation of a judicial action is unclear[4] and we decline to answer that specific question in the context of this appeal. However, we do not believe that the automatic stay prohibits us from addressing Walker's appeal on its merits in this particular case. First, the Superior Court entered its order denying Walker's motion to withdraw before the automatic stay was in place and thus, the order is valid. Importantly, Walker is not Chaput's attorney but rather the attorney for the opposing party. *See Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (noting that "[i]t is well-established that stays pursuant to § 362(a) are limited to debtors" and actions against non-bankrupt co-defendants may proceed) (quoting *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (collecting cases))); *Tremont Elec., Inc. v. Rampinelli Elec. Co.*, 142 Misc. 2d 80, 536 N.Y.S.2d 383, 384 (1988) (permitting non-debtor's attorney to withdraw from the case); *see also In re Holcombe*, 63 V.I. 800, 818 (V.I. 2015) (noting that it is the attorney's interest, rather than the client's interest, in question when the attorney moves the court to withdraw representation because the client refuses to pay). Therefore, the court's determination of Walker's motion

---

[4] It appears that only one court has analyzed whether a decision on a motion to withdraw representation in light of an automatic stay under 11 U.S.C. § 362 is valid. *Miller v. Lomax*, 333 Ga. App. 402, 773 S.E.2d 475, 478-79 (2015), *reconsideration denied* (July 23, 2015), *cert. denied* (Jan. 11, 2016). In *Miller*, the court held that, because discretion must be exercised in deciding motion to withdraw, it is not a ministerial act and such action is taken in violation of a bankruptcy stay. *Id.* On the other hand, other courts have seen fit to decide an attorney's motion to withdraw as counsel while a bankruptcy stay was in effect. *See Hall v. Jae Ha*, 126 Nev. 717, 367 P.3d 776 (2010) (unpublished) (granting attorneys' motion to withdraw as counsel even though bankruptcy stay was in effect); *see also Tremont Elec., Inc. v. Rampinelli Elec. Co.*, 142 Misc. 2d 80, 536 N.Y.S.2d 383, 384 (1988) (denying attorney's motion to be relieved as counsel for co-defendant debtor but granting the motion as to the non-debtor co-defendant).

to withdraw representation of the sons should have no impact on Chaput's bankruptcy case or his estate, and does not offend the automatic stay's objectives. *See Holtkamp*, 669 F.2d at 508-09 (holding that where "the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy" and does not jeopardize bankrupt estate) (citing S. REP. NO. 989, at 52 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5836, 5838.)); *Sanders v. Farina*, 67 F. Supp. 3d 727, 729 (E.D. Va. 2014) (holding that remand to state court was not a "continuation" of the case and was properly taken despite the automatic stay because such action "expresses no opinion as to the merits of plaintiff's claim and does not affect the substantive rights of either party").

Next, by addressing the issue now, the interest of judicial economy is promoted, as a decision from this Court would obviate the need for Walker to refile an appeal once the automatic stay has been lifted, expediting the conclusion of the underlying matter. *See Brouillard*, 60 V.I. at 767 (dismissing appeal without prejudice to its refiling at a later date). And finally, given our determination that the Superior Court correctly denied Walker's motion, as discussed below, the case's status quo is preserved, thereby eliminating any possible impact on Chaput's bankruptcy case.

 Turning now to the merits of the Superior Court's decision, we first point out that the Superior Court failed to refer to the Virgin Islands Rules of Professional Conduct, as established by Supreme Court Rule 211, effective February 1, 2014. *In re Nevins*, 60 V.I. 800, 804 n.1 (V.I. 2014) ("Supreme Court Rule 211, which establishes the Virgin Islands Rules of Professional Conduct, governs the conduct of Virgin Islands attorneys."). Instead, it incorrectly referred to Rule 1.16 of the American Bar Association Model Rules of Professional Conduct because it applied Rules 5.2(b) and 83.2 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands through Superior Court Rule 7.[5] This Court has already held that "in the Superior Court of the Virgin Islands, the

---

[5] We have repeatedly "questioned whether Superior Court Rule 7 comports with the Revised Organic Act's requirement that the court rules employed in proceedings before Virgin Islands courts actually be promulgated by the Virgin Islands Judiciary" but we need not address the issue in this case because the Superior Court's invocation of the Local Rules of the District Court was clearly contrary to this Court's precedent. *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 578 (V.I. 2015).

Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of the District Court should represent rules of last resort rather than first resort, and should be invoked only when a thorough review of applicable Virgin Islands statutes, Superior Court rules, and precedents from this Court reveals the absence of any other procedure." *Sweeney v. Ombres*, 60 V.I. 438, 442 (V.I. 2014). Importantly, it is this Court, as the court of last resort for the Virgin Islands, which possesses the *exclusive* power to regulate the Virgin Islands Bar. *Holcombe*, 63 V.I. at 825 (citing 4 V.I.C. § 32(e)). By relying on Superior Court Rule 7 and the Rules of the District Court to supplant the Virgin Islands Rules of Professional Conduct promulgated by this Court, "the Superior Court has infringed on this Court's 'exclusive jurisdiction' over the Bar." *Id.* (quoting 4 V.I.C. § 32(e)).

 Nevertheless, we decline to disturb the Superior Court's denial of Walker's motion to withdraw as counsel because proper application of the Rules of Professional Conduct would permit the Superior Court to arrive at the same result. Specifically, V.I.S.CT.R. 211.1.16 governs when an attorney must, and when an attorney may, withdraw from representing a client. Rule 211.1.16(b) states in pertinent part that:

> a lawyer may withdraw from representing the interests of the client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> . . . .
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or;
>
> (7) other good cause for withdrawal exists.

V.I.S.CT.R. 211.1.16(b). Furthermore, Rule 211.1.16(c) requires the attorney "to comply with applicable law requiring notice to or permission of a tribunal when terminating a representation."

 A fee disagreement between a lawyer and a client may justify the granting of any attorney's motion to dismiss. *See, e.g., Sanford v.*

694

*Maid-Rite Corp.*, 816 F.3d 546, 550 (8th Cir. 2016) (holding that the attorney met the requirements for withdrawing under the applicable rules of professional conduct by showing that the client refused to pay and failed to provide important information related to the case); *In re Franke*, 207 Md. App. 679, 55 A.3d 713, 724 (2012) (rejecting trial court's denial of attorney's motion to withdraw, stating that the client "must bear the consequences of his failure to pay existing attorney fees and his acknowledged inability to pay those likely to be incurred by the trial of this case" even though there were only five weeks until trial). Here, the record shows, and the sons do not dispute, that they did not pay the outstanding balance for services provided and refused to replenish the $2,000 retainer, as required by the fee agreement. *See* V.I.S.CT.R. 211.1.16(b)(5). The sons' failure to pay Walker's fees would also put a financial strain on her practice, as alleged in her motion. V.I.S.CT.R. 211.1.16(b)(6). Walker also provided the sons with notice of her withdrawal if they failed to fulfill their obligation under the fee agreement. Therefore, it appears that Walker provided sufficient evidence in favor of her motion being granted. *See Sanford*, 816 F.3d at 549 ("If the requirements of these rules are satisfied, 'withdrawal is presumptively appropriate.' " (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)).

However, in opposing Walker's motion to withdraw, the sons presented evidence indicating that they were willing to replenish the retainer as long as the money was deposited into a neutral escrow account. They felt this was necessary because they were concerned that Walker would not file the appropriate documents with the Superior Court before it issued its final ruling, since the deadline to submit the documents had already passed. Therefore, it appears that the sons were willing and able to pay Walker's fees and objected only to the method of payment.

■■■■ More importantly, Walker filed her motion to withdraw after the final hearing had occurred and the only remaining work to be completed was the filing of post-hearing motions, which included a motion to exclude evidence, proposed findings of fact and conclusions of law, and written closing arguments. (Walker's J.A. 5.) We agree with the Superior Court that granting Walker's motion to withdraw so late in the proceedings would have resulted in prejudice to both parties and unnecessarily delayed the conclusion of the matter, contrary to the interests of judicial economy. *See, e.g., Sanford*, 816 F.3d at 550 (holding

that a presumption in favor of withdrawal should be disregarded "if it would severely prejudice the client or third parties"); *George v. George*, 217 A.D.2d 913, 629 N.Y.S.2d 602, 603 (1995) (affirming denial of attorney's motion to withdraw filed after discovery had been completed and a note of issue had been filed because it would cause further delay in the case and not promote judicial economy (citations omitted)); *cf. Robbins v. Legacy Health Sys., Inc.*, 177 Wn. App. 299, 311 P.3d 96, 103 (2013) (holding attorney's motion to withdraw should have been granted because it would not "have harmed the efficiency of the judicial system" as the trial date had not been set and there were no dispositive motions before the court). Therefore, we affirm the Superior Court's denial of Walker's motion to withdraw.[6]

## III. CONCLUSION

For the foregoing reasons, we vacate the Superior Court's May 1, 2014 amended order as void and remand the case to the Superior Court to resume the proceedings after termination of Chaput's bankruptcy case or the lifting of the automatic stay by the bankruptcy court, whichever comes first. We also affirm the Superior Court's denial of Walker's motion to withdraw as counsel.

---

[6] Although we affirm the Superior Court's denial of Walker's motion to withdraw as counsel, we recognize that the rationale that underlies the Superior Court's decision — that granting Walker's motion to withdraw at such a late date would prejudice both parties and unnecessarily delay the conclusion of the matter — may no longer be applicable, given our holding that all actions taken by the Superior Court after Chaput filed for bankruptcy on February 6, 2014, are null and void. Therefore, our decision should not be interpreted as to preclude Walker from filing, or the Superior Court from granting, a renewed motion to withdraw as counsel on remand based on any changed circumstances.